**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-574-PAB-KAS

**MICHAEL MENDENHALL,**
      Plaintiff,

v.

**CITY AND COUNTY OF DENVER,**
      Defendant.

---

### REPLY IN SUPPORT OF DEFENDANT CITY AND COUNTY OF DENVER'S MOTION TO DISMISS AMENDED COMPLAINT UNDER RULE 12(b)(6)

---

Defendant, City and County of Denver ("Denver"), submits this Reply in Support of Its Motion to Dismiss Amended Complaint Under Rule 12(b)(6). [**Doc. 21**].

**IN SUPPORT THEREOF**, Denver replies as follows:

### <u>INTRODUCTION</u>

Plaintiff asserts constitutional violations under 42 U.S.C. § 1983 against Denver, per *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978), alleging that, on March 11, 2023, the Denver Police Department ("DPD") conducted an unlawful search and seizure within Plaintiff's Denver townhouse in executing an invalid search warrant [**Doc. 16** ("Amended Complaint") at ¶¶ 14-51].

Specifically, Plaintiff claims the search of his townhouse and the seizure of his bat were Fourth Amendment violations because the Search Warrant's probable cause was improperly based on double hearsay. [*Id.* at ¶¶ 52-57]. However, as admitted in both the Amended Complaint and Plaintiff's Response to Denver's Motion to Dismiss, DPD's reliance on hearsay is constitutionally permitted as established in the 1960 United States Supreme Court case *Jones v. U.S.* [*Id.* at ¶¶ 2; 4]; *See also* [**Doc. 22** (Plaintiff's "Response") at 1; 4; 6]; *Jones v. U.S.*, 362 U.S. 257 (1960). Plaintiff seeks to overturn *Jones*,

contending that the text of the Fourth Amendment is "properly understood" to mean that hearsay cannot establish search warrant probable cause. [**Doc. 16** at ¶¶ 1-5; 80-83].

Plaintiff argues the search and seizure were unlawful and Denver is municipally liable for his purported constitutional injuries. However, it is well-settled that Denver cannot be liable for alleged § 1983 violations inflicted solely by DPD employees. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)) ("[t]he Supreme Court has made clear that 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.'"). To avoid dismissal, Plaintiff must present plausible allegations that Denver's actions, in the form of a formal policy or well-settled custom or practice, were the moving force that caused Plaintiff's alleged constitutional injuries. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019).

The Response fails to establish how the Amended Complaint's allegations meet Rule 12(b)(6)'s plausibility standard for *any* municipal liability element. The Amended Complaint lacks a *relevant* policy, no custom or practice is pled, and dispositively, Plaintiff cannot show deliberate indifference or causation. Based on *Jones* and its progeny, there is no question that DPD used hearsay constitutionally at the time the warrant was executed, which even Plaintiff admits. Thus, there is no basis for a municipal liability claim and all claims against Denver must be dismissed.

## ARGUMENT

### I.    Plaintiff concedes that *Jones v. U.S.* must be followed, and the case dismissed.

The Response acknowledges at multiple points that the Court "must follow *Jones* and grant the Defendant's Motion to Dismiss." [**Doc. 22** at 1; 4]. In affirming the binding nature of *Jones,* as it relates to permitting hearsay to determine search warrant probable cause, Plaintiff is conceding that it is directly applicable to this case, and that lower courts are bound to follow it. *Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("We reaffirm that '[i]f a precedent of this Court has direct application in a case, yet appears to

rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.'" (quoting *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989)).

In *Jones*, the Court reaffirmed how hearsay from *unnamed informants* can be relied on in probable cause affidavits, and logically expanded that rationale, ". . . so long as a substantial basis for crediting the hearsay is presented. . . . hearsay may be the basis for a warrant." *Jones*, 362 U.S. at 269. The *Jones*' holding, which factually differs from this case as to the hearsay source but concerns the general proposition that properly credited hearsay may form the basis for warrant probable cause, is directly applicable here. Since *Jones* found that properly credited hearsay of an *unnamed* informant reliable, it would apply here, too, when the *named* hearsay declarant was identified in the Affidavit.

In this case and as conceded by Plaintiff, since *Jones'* hearsay holding is directly applicable here, this Court should find that the Detective properly used hearsay as the basis for a warrant, probable cause existed for the Search Warrant's issuance, and there is no plausible claim against Denver. The Amended Complaint should be dismissed.

## II.     Plaintiff fails to overcome *stare decisis* to overturn *Jones v. U.S.* and its progeny.

There is no basis to consider the Search Warrant here invalid and this Court should dismiss all claims against Denver. *See, e.g., City of Los Angeles v. Heller*, 475 U.S. 796, 798-99 (1986); *Dodds v. Richardson,* 614 F.3d 1185, 1198 (10th Cir. 2010) (a municipality may not be held liable where no underlying constitutional violation exists).

Plaintiff fails to demonstrate how this Court can find that *Jones v. U.S.* was wrongly decided. The Amended Complaint and the additional cases cited in the Response do not—and cannot—cite to *any* controlling case, state or federal law, or the plain text of the Fourth Amendment, that states hearsay is an insufficient basis for probable cause. No such authority exists, and the Tenth Circuit has

been properly following *Jones* and its hearsay progeny for decades. *United States v. Mathis*, 357 F.3d 1200 (10th Cir. 2004) (collecting cases). Instead, Plaintiff fancifully claims that *Jones* was incorrectly decided because, in his view, the Supreme Court's majority opinion in 1960 lacked a proper understanding of the Fourth Amendment. He alleges "until the mid-twentieth century, federal and even state court cases almost uniformly held that the Fourth Amendment's Warrant Clause requires firsthand testimony rather than hearsay to support probable cause." [**Doc 16** at ¶¶ 4-5]. Plaintiff originally cited four cases to support this assertion: *Giles v. United States*, 284 F. 208 (1st Cir. 1922); *People v. Elias*, 147 N.E. 472 (Ill. 1925); *State v. Gleason*, 4 P. 363 (Kan. 1884); and *Grau v. United States*, 287 U.S. 124 (1932). [*Id.* at ¶ 82]. But, as fully set forth in the Motion to Dismiss [**Doc. 21**] none of the state cases stand for Plaintiff's broad proposition that the "Warrant Clause bans hearsay[.]" [**Doc. 16** at ¶ 82].

The federal circuit court cases Plaintiff cites - the most recent of which was decided over 100 years ago – likewise do not justify overturning *Jones*. The 1899 case, *Miller v. United States,* stands for the uncontested proposition that probable cause requires more than mere hearsay and unfounded beliefs of the affiant, *Miller v. United States*, 57 P. 836, 838 (Okla. 1899). But Plaintiff does not allege that the Affidavit improperly rested merely on beliefs lacking supporting facts, rather he contends that most of the Affidavit facts were sourced from hearsay, which should be disallowed. [**Doc. 16** at ¶¶ 43-57]. *Veeder v. United States*, decided less than 20 years later, does not address hearsay, but involved a search warrant affidavit that contained only the conclusory beliefs of the affiant with no articulated facts supporting those beliefs for probable cause. *Veeder v. United States*, 252 F. 414, 418 (7th Cir. 1918). *Giles v. U.S.*, a 1922 First Circuit Prohibition case, does not directly implicate the Warrant Clause; it interprets the Espionage Act of 1918, which specifically required any probable cause statement seeking a search warrant under that Act to be supported only by evidence admissible at trial but the probable cause in that case rested solely on hearsay. *Giles v. United States*, 284 F. 208, 214 (1st Cir. 1922).

And while Plaintiff also tries to invoke 3 Supreme Court decisions, they are even less helpful. Plaintiff cannot point to any relevant, precedential decision because none of them are contrary to *Jones*. The 1807 decision in *Ex parte Bollman* concerned the oaths required to obtain the issuance of a writ of *habeus corpus* for treason as it related to a particular act of congress. *Ex parte Bollman*, 8 U.S. 75, 137 (1807). *Dumbra v. United States*, from 1925, like *Giles v. U.S.*, concerns a Prohibition Era liquor search warrant obtained through the Espionage Act, where the Court upheld the probable cause found in the affidavit, *which included information learned by others and sworn to by the affiant*. *Dumbra v. United States*, 268 U.S. 435, 440 (1925). Lastly, Plaintiff's reliance on dicta in *Grau v. United States*, which asserts that a search warrant may only be issued upon evidence admissible at a jury trial, is misplaced. 287 U.S. 124, 127-28 (1932). Even before *Jones*, the U.S. Supreme Court expressly rejected *Grau*'s trial-level evidentiary standard for probable cause, noting *no* precedent existed for that contention. *Brinegar v. United States*, 338 U.S. 160, 174, fn. 13 (1949).[1] In sum, all of Plaintiff's alleged pre-*Jones* authority for overcoming *stare decisis* falls well short of providing any specific justification to overturn *Jones*.

Further, contrary to the alleged non-sensical nature of *Jones* [**Doc. 16** at ¶¶ 4-5], the Court in *Jones* thoroughly explained its reasoning for allowing reliance on properly credited hearsay in probable cause statements. It pointed out that in *Draper v. U.S.,* originally a Tenth Circuit case, "[w]e rejected the contention that an officer may act without a warrant only when his basis for acting would be competent evidence upon a trial to prove a defendant's guilt." *Jones*, 362 U.S. at 270; *see also Draper*, 358 U.S. 307. That is because "such a contention 'goes too far in confusing and disregarding the difference between what is required to prove guilt in a criminal case and what is required to show

---

[1] "For this proposition there was no authority in the decisions of this Court. It was stated in a case in which the evidence adduced to prove probable cause was not incompetent, but was insufficient to support the inference necessary to the existence of probable cause. The statement has not been repeated by this Court." *Brinegar v. United States*, 338 U.S. at 174, fn. 13 (1949); *see also Draper*, 358 U.S. at 312, fn. 4 (noting that *Brinegar* "thoroughly discredited and rejected" *Grau*'s hearsay proposition).

probable cause in a search." *Id.* at 270. Subsequent courts have followed *Jones* for over 60 years. *See, e.g. Illinois v. Gates*, 462 U.S. 213, 239-240 (1983); *Mathis*, 357 F.3d at 1204–05 (10th Cir. 2004). (collecting Tenth Circuit cases holding that hearsay is permissible for probable cause determinations).[2]

Overturning constitutional precedent is not impossible, but it requires far more justification and proof than Plaintiff pleads to establish that *Jones's* holding on hearsay is unworkable or badly reasoned to permit its reversal. *Payne v. Tennessee*, 501 U.S. 808, 827-28 (1991). Plaintiff cannot overcome the above well-reasoned hearsay precedents, which both preceded and follows *Jones*. Such cases show the U.S. Supreme Court's careful development of a practical framework, under the Warrant Clause, for properly credited hearsay to form the basis for warrant probable cause in expressly permitting various forms of hearsay relied on by law enforcement to fulfill their duties, ensure accountability, and protect constitutional rights. Although Plaintiff claims "rich, contrary precedent" prior to *Jones* exists [**Doc. 16** at ¶¶ 5, 82], as discussed, each case Plaintiff relies upon is inapposite.

Contrary to Plaintiff's assertion, *Arizona v. Gant* does not establish that the Supreme Court limits the role of *stare decisis* in the context of policing and the Fourth Amendment. Instead, it merely highlights the occasional need to overturn or clarify past precedent that has been misinterpreted in an overly broad fashion by lower courts or law enforcement. *Arizona v. Gant*, 556 U.S. 332, 348 (2009).

Plaintiff fails to show how *Jones* or subsequent cases overbroadly interpreted past precedent warranting this Court to reject the doctrine of *stare decisis*. With Plaintiff conceding that *Jones* must be followed and Denver's Motion to Dismiss granted, the Court cannot find any other inference than

---

[2] *See also United States v. $149,442.43 in U.S. Currency,* 965 F.2d 868, 874 n. 3 (1992) (Holding that multiple layers of hearsay may form the basis for probable cause.); *United States v. Ventresca,* 380 U.S. 102, 111 (1965) (regarding hearsay from police officers: "[o]bservations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."); *U.S. v. Snow,* 919 F.2d 1458, 1460 (1990) (explaining that hearsay evidence from other police officers' informants, bolstered in part with separate corroboration, was sufficient to support probable cause).

that DPD was adhering to *Jones.*

### III. Plaintiff fails to state a plausible municipal liability claim against Denver.

Notwithstanding Plaintiff's inability to establish a proper basis for overturning *Jones,* which he must do to allow an arguable inference of an underlying constitutional violation, he fails to assert a plausible liability claim against Denver. To state a plausible claim for municipal liability, Plaintiff must present allegations sufficient to show that: "(1) a municipality enacted or maintained a policy, (2) the municipality was deliberately indifferent to the resulting constitutional violations, and (3) the policy caused the underlying constitutional violation." *Arnold v. City of Olathe, Kansas*, 35 F.4th 778, 795 (10th Cir. 2022); *see also Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022). The Amended Complaint fails to present plausible allegations sufficient to support any required elements for municipal liability.

#### A. No formal regulation or policy allowing officers to rely on hearsay in probable cause statements exists, only an insufficiently pled custom or practice.

Here, Plaintiff alleges Denver had a formal policy and a widespread, permanent, and a well-settled custom allowing officers to use hearsay in probable cause statements. But he does not point to an applicable policy or properly plead any custom. *Waller*, 932 F.3d at 1290 (citing *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)).

Citing § 107.01(8)(e) of the Ops Manual, the Amended Complaint appears to assert this provision authorizes reliance on hearsay to show probable cause in the issuance and execution of search and arrest warrants. [**Doc. 16** at ¶¶ 48, 61, 73]. But nowhere in that section, or anywhere else in the Ops Manual, is there *any* formal policy that expressly authorizes the use of hearsay to show probable cause in the issuance and execution of search and arrest warrants. Nor is there an explicit reference to the term "hearsay." [*Id.*]; *See also Ops. Manual* § 107.00 (Rev. 07/16/2021)[3]. While the

---

[3] § 107.01(8)(e) states, "[t]he officer may rely upon information received through an *informant*, rather than upon direct observations, to show probable cause" (*emphasis added*). *Ops. Manual* § 107.01(8)(e) (Rev. 07/16/2021). a

policy appears to relate to the informant reliability portion of the *Jones* holding, it is inapplicable to the facts in this case. *Jones*, 362 U.S. at 268-270. Mr. Horan is not an informant as contemplated by this specific provision because an "informant" is a law enforcement term of art referring to an *unnamed* individual providing information aiding an officer's investigation. *Id.* at 268-270. Mr. Horan's hearsay statement was included in the Affidavit as a named complainant which is entirely different from a DPD informant, as contemplated by § 107.01(8)(e).[4] Thus, the Amended Complaint fails to point to a sufficient factual basis to support Plaintiff's claim that Denver had a *formal* policy allowing officers to rely on the type of hearsay applicable to this case. *Waller*, 932 F.3d at 1290.

Without a formal policy, Plaintiff must rely on his allegations that an unofficial policy or custom allowing such hearsay use existed. [**Doc. 16** at ¶¶ 62-66]. *Waller*, 932 F.3d at 1290. To that end, Plaintiff alleges "pervasive" use of hearsay by named and unnamed "informants" in hundreds of recent search warrants issued by the "Denver District/County Court" within the last two years. [**Doc. 16** at ¶¶ 62-66]. Beyond generalities, Plaintiff neither identifies nor provides a single detail about any of these warrants. It is unhelpful and conclusory for the Plaintiff to simply plead that he (or his counsel) conducted a review of "100s of search warrants" and concluded that in April of 2024, "at least 10 relied almost entirely upon hearsay to establish probable cause," without attaching the alleged offending affidavits, some facts contained within those probable cause statements to support his assertions, or even case names. [*Id.* at ¶ 62]; *See also Iqbal*, 556 U.S. at 678. Without more, the Amended Complaint simply states "'naked assertion[s]' devoid of 'further factual enhancement'" concerning an alleged offending Denver custom or practice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). This is insufficient to sustain either municipal liability claim; as such the claims should be dismissed.

**B.    Plaintiff fails to plausibly allege that Denver acted with deliberate indifference.**

---

[4] The Ops Manual has a section devoted to DPD's use of informants in investigations, including informant supervision, compensation, classifications, and record keeping, which are conditions clearly not applicable to Mr. Horan as a random 911 caller. *Ops. Manual* § 302.14.

Even assuming *arguendo,* that the Amended Complaint properly pleads a Denver policy allowing hearsay in search warrant affidavits, Plaintiff's allegations also fall far short of plausibly asserting that Denver acted with deliberate indifference. "Deliberate indifference is an exacting standard of fault." *Irizarry v. City & Cnty. of Denver*, 661 F. Supp. 3d 1073, 1095 (D. Colo. 2023). "To demonstrate that a municipality acted with deliberate indifference, a plaintiff may show that the municipality had 'actual or constructive notice that its action or failure to act [was] substantially certain to result in a constitutional violation' and 'consciously or deliberately [chose] to disregard the risk of harm.'" *Finch*, 38 F.4th at 1244 (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). Despite Plaintiff's assertion that deliberate indifference is not a necessary element for municipal liability, the Tenth Circuit has repeatedly held that proof of a municipality's deliberate indifference of constitutional violations is required. *E.g., Arnold v. City of Olathe*, 35 F.4th 778, 795 (10th Cir. 2022); *Finch v. Rapp*, 38 F.4th 1234, 1244 (10th Cir. 2022); *Erickson v. City of Lakewood*, 489 F. Supp. 3d 1192, 1205 (10th Cir. 2020); *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 771 (10th Cir. 2013).

In this case, Plaintiff would need to allege sufficient facts to demonstrate that Denver knew or should have known that its "policy" of allowing DPD officers to include hearsay information in their applications for search warrants was substantially certain to result in a constitutional violation and that Denver consciously or deliberately chose to disregard the risk of harm. *Finch*, 38 F.4th at 1244. Plaintiff pleads no such facts, nor could he in light of *Jones*. Moreover, by conceding that this Court must follow *Jones* and dismiss the claims, Plaintiff essentially admits that it was reasonable for Denver to rely on *Jones* and to believe that using hearsay in search warrant probable cause statements was constitutional.[5]

---

[5] Denver cannot be deliberately indifferent for uncontested facially constitutional policies, especially when the asserted right is not clearly established. *See Szabla v. City of Brooklyn Park,* 486 F.3d 385, 392-394 (8th Cir. 2007) (en banc); *cited to in Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1279–80

By his own admission, Plaintiff fails to show how Denver could have known that an application of a constitutional policy was substantially certain to result in a constitutional violation and that Denver "'consciously or deliberately [chose] to disregard the risk of harm.'" *Id.* at 1244.

### C. Plaintiff fails to plausibly allege causation.

Where a plaintiff claims that the municipality has not "directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Schneider*, 717 F.3d at 770 (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 405 (1997)). Thus, to establish causation, Plaintiff must show a "direct causal link between the municipal action and the deprivation of federal rights," *Brown*, 520 U.S. at 405, and that the municipality's conduct is "closely related to the ultimate injury," *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989)). Here, Plaintiff fails to establish a direct causal link between Denver's alleged hearsay policy in warrant applications and an unconstitutional search.

Plaintiff pleads no facts to show that any Denver policy was directly responsible for the ultimate approval by the DA and issuance of the Search Warrants by the Judge, both acting in accordance with their own independent mandates[6], thereby negating a direct causal link to the alleged claims. The Detective searched the townhouse and seized the bat by relying on the judicially issued Search Warrant. Absent far more,[7] Plaintiff cannot show that the any policy of Denver directly caused the issuance of the Search Warrant, if the DA and Judge were also independently following *Jones*.

### CONCLUSION

---

(10th Cir. 2009) (discussing issues related to municipal liability for the discretionary exercise of constitutional policies allegedly applied in unconstitutional ways).

[6] U.S. Const. amend. IV; *See also* CO Const. Art. II, § VII; C.R.S. §§ 16-3-301, 303; 20-1-106.1; Colo.R.Crim.P. 41.

[7] Plaintiff does not plead any false statements, fatal omissions, or other defects within the Affidavit to invalidate the probable cause on any other grounds.

For the reasons set forth above and as more fully detailed in the Motion to Dismiss, Denver respectfully requests that the Court dismiss Plaintiff's municipal claims against Denver.

Dated this 9th day of July, 2024.

Respectfully submitted by,

s/Kevin Sobczyk
Kevin Sobczyk
Honor K. Moore
Assistant City Attorneys
Denver City Attorney's Office
Litigation Section
201 W. Colfax Avenue, Dept. 1108
Denver, Colorado 80202-5332
Telephone: 720-913-3100
Facsimile: 720-913-3155
E-mail: kevin.sobczyk@denvergov.org
E-mail: honor.moore@denvergov.org
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2024, the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)** was filed with the Clerk of the Court via the CM/ECF system which will send a notification of such filing to the following:

Laurent A. Sacharoff
Laura Rovner
Nicholas A. Lutz
Miriam Kerler
Civil Rights Clinic
University of Denver Sturm College of Law
2255 East Evans Av. Ste. 335
Denver, CO 80208
Phone: (303) 871-6441
Phone: (303) 871-6361
lrovner@law.du.edu
lsacharoff@yahoo.com
*Counsel for Plaintiff*

s/Nicole Petosa
Denver City Attorney's Office