**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 24-cv-00574-PAB-KAS

MICHAEL MENDENHALL,

Plaintiff,

v.

CITY AND COUNTY OF DENVER,

Defendant.

---

**PLAINTIFF'S UNOPPOSED MOTION FOR ORAL ARGUMENT ON DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT**

---

Plaintiff Michael Mendenhall, through undersigned counsel, hereby moves, pursuant to Fed. R. Civ. P. 78(a), for oral argument regarding Defendant's Motion to Dismiss Amended Complaint, ECF No. 21.

## D.C.Colo.LCivR 7.1(a) CONFERRAL STATEMENT

Pursuant to D.C.Colo.LCivR 7.1(a), undersigned counsel has conferred with counsel for Defendant, who stated that Defendant does not oppose the relief requested herein.

## MOTION

On June 4, 2024, Defendant Denver moved to dismiss Plaintiff's Amended Complaint. *See* ECF No. 21. Mr. Mendenhall responded, Denver replied, and the Motion is fully briefed. *See* ECF Nos. 22, 23. The Court has broad discretion to set hearings on matters before it, including pending motions. *See* D.C.Colo.LCivR 7.1(h). Oral argument may be warranted if it will be particularly beneficial in the adjudication of a motion. *See, e.g.*, *Eco-Site LLC v. Cnty. of Pueblo, Colorado*,

No. 17-CV-02535-CMA-STV, 2019 WL 2281550, at *2 (D. Colo. May 29, 2019) (setting oral argument upon request of a party after determining a hearing would be beneficial to the court).

Here, oral argument would materially assist the Court in ruling on Defendant's motion to dismiss because this case involves novel legal arguments and challenges to well-established caselaw. In particular, Mr. Mendenhall's theory of liability calls into question the correctness of *Jones v. United States*, 362 U.S. 257 (1960), and decades of its progeny. *See generally* ECF No. 22. While the basic contours of this argument are outlined in Plaintiff's Response to Defendant's Motion to Dismiss, *id.*, a full appreciation of the argument requires greater analysis than might be achieved through the briefing alone.

Moreover, due to the nature of the basis of Mr. Mendenhall's claim, its foundations in the text of the Fourth Amendment to the United States Constitution, and the complex legal history of the validity of warrants implicated by the claim,[1] Plaintiff anticipates that the Court may have questions for counsel beyond that which could be reasonably addressed in the briefs. Additionally, Defendant Denver has challenged the viability of Mr. Mendenhall's *Monell* claim as pled. ECF No. 21 at 3-4, 8-15. The municipal liability doctrine is its own complex and niche area of caselaw, consideration of which may justify additional argument by itself.

Finally, because of the significant implications that may follow from judicial recognition of Mr. Mendenhall's proffered Fourth Amendment interpretation, Plaintiff anticipates that a robust oral argument would assist the Court in issuing its decision.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court grant oral argument on

[1] *See* Laurent Sacharoff, *The Broken Fourth Amendment Oath*, 74 Stan. L. Rev. 603 (2022)

Defendant's Motion to Dismiss Amended Complaint, ECF No. 21.

**DATED: July 17, 2024**

Respectfully submitted,

STUDENT LAW OFFICE

*s/ Nicholas A. Lutz*
Nicholas A. Lutz
Civil Rights Clinic
University of Denver Sturm College of Law
2255 East Evans Av. Ste. 335
Denver, CO 80208
Phone: (303) 871-6753
Nicholas.Lutz@du.edu

*Counsel for Plaintiff*